# United States District Court
## District of New Mexico

## Document Verification

**Case Title:** Molina-Bautista v. USA
**Case Number:** 03cv00002     CR 01-1086 JP
**Office:**

### Document Information

**Number:** 29

**Description:** MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION recommending movant's 2255 petition be denied and this matter dismissed w/prejudice (cc: all counsel*)

**Size:** 9 pages (29k)

**Date Received:** 04/07/2003  10:15:38 AM   **Date Filed:** 04/07/2003   **Date Entered On Docket:** 04/07/2003

### Court Digital Signature                                               View History

2e c8 ac 57 4c b2 5f 77 70 91 a9 02 1a e5 25 64 c8 eb 94 ca d7 a7 b2 04 7c 1d 95 a5 77 21 ea 1e 72 a4 4d 60 24 ac 8b 2c fe cc 6c 72 41 be 60 ba fa ed 0f 6a c7 f7 71 02 2a 39 66 90 fa 06 c8 78 16 be 94 33 4c b4 88 f2 a8 07 a9 6c 5d ff 24 c7 51 6d ca c0 8e e2 a5 77 e4 a4 2e 98 a6 8b ba f8 e9 9a 92 44 94 43 9c c6 e2 3a b4 a5 6a 5f 11 b3 6b 35 e1 95 00 7d 96 7c 1d ab cb 10 9a ed 51 51

### Filer Information

**Submitted By:** Mary Woodward

**Comments:** RECOMMENDED FINDING by Chief Magistrate Judge Lorenzo F. Garcia that Molina's 2255 petition [doc. 1] be denied and that this matter be dismissed, with prejudice.

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Monday, April 7, 2003*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.



1 of 1                                                                                                     04/07/2003 11:16 AM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

                                                      No. CIV 03-02 JP/LFG
                                                    CR 01-1086 JP

JOSE ANGEL MOLINA-BAUTISTA,

        Defendant/Movant.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1.      On January 2, 2003, movant Jose Angel Molina-Bautista ("Molina") filed this *pro se* Motion to Vacate, Set Aside or Correct Sentence, under 28 U.S.C. § 2255. [Doc. 1.] Molina contends that counsel provided ineffective assistance by failure to appeal Molina's allegedly erroneous 71-month sentence. [Doc. 1.] He requests that the case be remanded for re-sentencing and that he be re-sentenced to the low end of Category III, level 21, that carries a 46-month period of incarceration. [Doc. 1, p. 5.]

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

2. On February 11, 2003, the United States filed its response to Molina's Motion and requested that his petition be denied without an evidentiary hearing. [Doc. 6.] Molina did not file a reply.

3. On June 21, 2001, Molina was driving a vehicle near Douglas, Arizona and was stopped by a patrol officer who requested identification. [Doc. 1.] Molina did not have proper identification and was arrested for being in the country without consent. [Id.] According to the government, Molina admitted that he was a Mexican citizen and was illegally present in the United States. Subsequently, the government learned that Molina had been deported on July 12, 2000, and that in 1986, Molina was convicted of the aggravated felony of sexual assault, which resulted in a 14-year sentence of incarceration. [Doc. 6.]

4. On June 22, 2001, Molina was charged by complaint with Reentry of Deported Alien Previously Convicted of an Aggravated Felony in violation of 8 U.S.C. §§ 1326(a)(1), (2) and 1326(b)(2). On August 21, 2001, he pled guilty, without a plea agreement, to a federal Information charging the foregoing violation. [Doc. 9, Cr. 01-1086.] The Court informed Molina of his right to appeal. [Doc. 1.] Steve Stevers was appointed to represent Molina through the plea hearing. The sentencing was initially scheduled on December 3, 2001, at which time attorney Stevers asked to withdraw based on a deteriorating relationship with Molina. Subsequently, attorney Cesar Pierce-Varela was appointed to represent Molina. On December 14, 2001, Molina, through attorney Pierce-Varela, filed Objections to the pre-sentencing report arguing that a category IV over-represented the seriousness of his criminal history. [Doc. 17, Cr. 01-1086.] On January 2, 2002, Molina was sentenced to a term of 71 months (Category IV, level 21), and Judgement was entered against him on January 17, 2002. [Docs. 20, 22, Cr. 01-1086.] No appeal was taken.

5.  Molina's § 2255 petition raises a single argument that attorney Pierce-Varela provided ineffective assistance of counsel by failing to appeal the criminal history sentencing issue. Molina states the following in support of his claim:

> Petitioner advised trial counsel to appeal to the circuit court challenging the District's court sentence. Petitioner asserts that he should have been sentenced on Category III, level 21, which carries (46-57) months. However, trial counsel did nothing. Petitioner was sentenced on Category IV, level 21, which carries (57-71) months. Petitioner was sentenced on the high end of the guidelines. Petitioner thought that presently, he had an appeal pending in the Fifth Circuit. Petitioner notified trial counsel's secretary, and was advised that his attorney never filed an appeal challenging his sentence.

[Doc. 1, p. 4.] Molina's § 2255 petition apparently contains his signature but is not notarized and does not contain any type of affirmation that Molina signed his petition under penalty of perjury. Molina provided no additional details, information, or supporting documentation as to how or when he may have advised counsel to appeal.

6.  The government attached to its response a sworn affidavit by attorney Pierce-Varela, signed and notarized on January 21, 2003. [Doc. 6, Ex. 1.] Pierce-Varela stated that he has practiced since 1992 and been a member of the Criminal Justice Act Panel since 1993. He further attested that during the last ten years he has represented hundreds of clients in federal courts and is knowledgeable in the area of criminal law. [Ex. 1, ¶ 2.] Pierce-Varela's representation of Molina began on December 4, 2001, after he entered a guilty plea but before he was sentenced. Pierce-Varela testified that he reviewed the work conducted by attorney Stevers, "specifically the appellate issues." [Ex. 1, ¶ 5.]

> I found no viable issues for appeal and discussed this with Mr. Molina. Because of the nature of the charge against Mr. Molina and the factual and procedural history of his case, I recommended no appeal be taken.

3

> Based on my interactions with Mr. Molina-Bautista during my representation, I concluded that he did not wish to proceed with an appeal. I do no specifically recall Mr. Molina-Bautista instructing me to pursue an appeal. However, if Mr. Molina-Bautista had instructed me to proceed with an appeal, I would have filed a notice of appeal on his behalf.

[Ex. 1, ¶¶ 5, 6.]

## Analysis

7. Title 28 U.S.C. § 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law. . . ." Unsupported generalizations, however, are insufficient to warrant a hearing on a § 2255 motion. Eskridge v. United States, 443 F.2d 440, 443 (10th Cir. 1971). Allegations must be "highly specific" or accompanied by some "independent corroboration" before a hearing is required. See Siciliano v. Vose, 834 F.2d 29, 31 (1st Cir. 1987). Moreover, with respect to this civil action, the petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to relief. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

8. An ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal, must be judged in accordance with the two-prong test set forth in Strickland v. Washington, 466 U.S. at 687-88, 694. In accordance with Strickland, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance. Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S.Ct. 1029 (2000); United States v. Crowell, 15 Fed. Appx. 709, 712, 2001 WL 845242 at *2 (10th Cir. July 26, 2001).

4

9. An attorney who disregards "specific instructions" from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Roe, 528 U.S. at 477. Under those circumstances, the client need not demonstrate that his appeal would likely have had merit. Id. When a client does not specifically instruct his attorney to appeal, the question of whether counsel was ineffective depends on whether he or she consulted with the client about the appeal. Id. at 478.

10. An attorney need not always consult with a defendant regarding an appeal. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.

11. The second part of Strickland requires a showing of prejudice from counsel's deficient performance. The failure to follow specific instructions from a defendant who requests that the attorney file an appeal amounts to a denial to counsel at a critical stage or to being deprived of the appellate proceeding altogether. "Under such circumstances, '[n]o specific showing of prejudice [is] required,' because 'the adversary process itself' is presumptively unreliable." Id. at 483 (internal citations omitted). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 484.

12. If a petitioner has successfully shown that the was denied the right to direct appeal, the proper remedy is to vacate the sentence and remand for re-sentencing. Rodriguez v. United States, 395 U.S. 327, 332, 89 S.Ct. 1715 (1969).

13. Here, Molina made the unsworn assertion that he asked his attorney to file an appeal on the sentencing issue. However, several courts have concluded that a "barebones assertion" of this nature, without some level of particularity or detail, is insufficient to require a hearing under § 2255. In Ledbetter v. United States, 182 F. Supp. 2d 510, 516-17 (W.D.N.C. 2001), the Court examined a similar § 2255 petition, in which the movant pled guilty and then claimed that his attorney failed to appeal as requested by the petitioner. The Court concluded that a blanket assertion that the petitioner "requested" an appeal was not sufficient to rise to the level of showing "specific instructions" were given to his attorney to file a notice of appeal. Id. at 517. The Court provided the following analysis:

> [A] barebones assertion by a defendant, *albeit* made under oath, is insufficient to require a hearing or other action on his claim that his right [to appeal] was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary – and also [ ] some substantiation is necessary . . . to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.
>
> . . .
>
> [T]he defendant must produce something more than a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement that his lawyer (in violation of professional standards) [failed to follow his instructions to file an appeal].

Id. at 516, (internal citations only). The Ledbetter Court reasoned that "[t]o require district courts to launch into an investigative process based solely on the bare assertion that a defendant 'requested' his attorney to appeal would be a tremendous waste of judicial resources." Id. at 518.

14. The Court in Lejhanec v. United States, 1999 WL 1487594 (E.D.N.Y. Nov. 29, 1999) analyzed a similar § 2255 petition and concluded that "barebones" assertions that a client directed his attorney to file an appeal were insufficient to support a claim for relief or to justify an evidentiary

6

hearing. In Lejhanec, the threshold issue was whether the record supported the conclusion that the petitioner instructed his attorney to file a timely notice of appeal, which the attorney failed to do. Id. at *8. The trial attorney in that case supplied an affirmation, under penalty of perjury, that the defendant had not requested that he pursue an appeal. The Court recognized that "to be sure, this issue could be addressed by live testimony at a hearing." Id. However, the Court reasoned that the allegedly ineffective attorney was permitted an opportunity to be heard or to present evidence by way of live testimony, briefs or affidavits. Id. Thus, live testimony was not necessary if an affidavit "clearly and convincingly" supported an inference that could be drawn without the assistance of such testimony. Id. The Court was faced with nothing more to support the petitioner's claim than "bare, unsubstantiated, thoroughly self-serving" assertions. Id. at *9.

> Against an affirmation made under penalty of perjury by an officer of the Court that no such request was made, and in the absence of any other evidence to suggest that petitioner might actually have suffered a deprivation of his constitutional right effective representation . . . [the petitioner's] assertion is simply not sufficient to justify the investment of judicial resources that a hearing would require.

Id.

15. The Eight Circuit, in Yodprasit v. United States, denied a similar § 2255 petition. 294 F.3d 966 (8th Cir. 2002). In Yodprasit, the petitioner was convicted of drug trafficking offenses, and filed a notice of appeal nearly a year later, which was dismissed as untimely. Id. at 968. His § 2255 petition alleged that trial counsel was ineffective for failing to file a timely notice of appeal. In Yodprasit, the district court held an evidentiary hearing. According to the petitioner, he told his attorney he wanted to file an appeal, and like Molina, assumed the appeal was filed. He did not realize until the deadline had passed, that no appeal was filed. The Court of Appeals affirmed

7

dismissal of Yodprasit's petition, reasoning that the petitioner's self-serving, bare assertion was not, by itself, sufficient to support a grant of relief. Id. at 969.

16. Here, Molina has not satisfied his burden in proving by a preponderance of the evidence that he is entitled to relief. His bare, unsupported, generalized assertions that he told his attorney to file a notice of appeal, are insufficient, without more. The assertions fail to provide any level of particularized detail or specificity as to when Molina may have directed his attorney to appeal or what was communicated during such a conversation. Moreover, the assertions in his § 2255 petition could be read to mean that he confused his desire to appeal with the plan to file objections to the pre-sentence report, which objections were filed and presumably overruled. This is true because of the chronology that Molina sets forth in his petition. He first discussed the fact that he plead without signing a plea agreement, then stated that he advised his counsel to appeal to the circuit, and finally described his sentencing. His statement that he thought he had an appeal pending in the "Fifth Circuit" might lead to the conclusion that he did not communicate instructions to file an appeal and also that he used a form § 2255 motion used by someone in the Fifth Circuit who claimed to have instructed his counsel to file an appeal.

17. Attorney Pierce-Varela's sworn affidavit is in direct contrast with Molina's unsubstantiated and unspecified assertions. Pierce-Varela recalled the date he was appointed to represent Molina, that he reviewed the prior work performed by attorney Stevers, "specifically appellate issues," that he found no viable issues for appeal, and discussed his findings with Molina. He specifically remembered recommending to Molina that no appeal be taken. Pierce-Varela's sworn testimony is not as convincing perhaps as the attorney in Lejhanec, who stated categorically that his client did not instruct him to appeal. Nonetheless, the Court finds that Pierce-Varela's sworn

8

assertions are convincing testimony that he recommended no appeal be taken, that he believed Molina did not wish to proceed with an appeal, and that he has no recollection that Molina instructed him to pursue an appeal. Pierce-Varela further testified that if Molina had so instructed him, he would have filed a notice of appeal.

18. Therefore, in view of Pierce-Varela's specific recall of the case and his consultation with Molina about a possible appeal, in contrast to Molina's bareboned assertions, without any substantiation in the form of testimony from Molina about telephone calls or letters to his attorney about an appeal, the Court recommends finding that the motion and file and records conclusively show that Molina is not entitled to relief, and further that no live testimony is required to resolve this matter.

## Recommended Disposition

19. That Molina's § 2255 petition [doc. 1] be denied and that this matter be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge